IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JEREMY W. KELLY,**

      **Plaintiff,**

v.                                    Case No. 2:18-cv-01078

**UNITED STATES MARSHALS SERVICE,**
**and JAY COUNTY SHERIFF DEPARTMENT**
**(Government Office),**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 25, 2018, the plaintiff, Jeremy W. Kelly, an Indiana state prisoner, filed a "Notice of Filing 'Actio' Damni Procedre Torts" (ECF No. 1) and a "Motion for 'Actio' Damni Injuria Procedre Torts" (ECF No. 2), which appears to be an attempt to file tort claims under the Federal Tort Claims Act 28 U.S.C. §§ 1346, 2671-2680.  This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS**

The plaintiff is presently incarcerated in the Westville Correctional Facility in Westville, Indiana, where he is serving a four-year sentence after being convicted of one count of battery in the Circuit Court of Jay County, Indiana.  This is one of three civil

actions filed in the last month in this court by the plaintiff concerning his Indiana criminal and habeas corpus proceedings.[1]

In the instant proceeding, the plaintiff asserts that "he has the right to file tort claims on the federal government for federal violations of constitutional (and) civil rights by public policy." He then complains about his arrest on June 28, 2015 by Jay County Sheriff's Department officials, and his subsequent prosecution in Case No. 38C01-1507-F5-000015 in the Circuit Court of Jay County, Indiana. The Complaint lists a number of "torts" and "violations of his rights" that the plaintiff alleges occurred during the course of his arrest and prosecution, and appears to assert a claim for money damages resulting therefrom. The plaintiff further contends that, thus far, he has unsuccessfully attempted to file these claims in the state and federal courts in Indiana. On June 29, 2018, the plaintiff filed additional documentation in support of his Motion/Complaint (ECF No. 4)

## **STANDARD OF REVIEW**

Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nevertheless, as the party asserting jurisdiction, the burden of proving subject matter jurisdiction lies with the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain <u>1) a short and plain statement of the grounds upon which the court's jurisdiction depends</u>, unless the court already has jurisdiction and the claim needs no

---

[1] The plaintiff has filed a nearly identical action against the "United States Attorney General" (No. 2:18-cv-01104), and has also filed a "Petition to Transfer" a pending Indiana state habeas corpus petition to this federal court (No. 2:18-cv-01103). The plaintiff's filings are strikingly similar to cases filed by another Indiana state prisoner incarcerated at the same state prison, Roger Pringle, who is an abusive filer. The undersigned believes that Mr. Pringle may be encouraging this plaintiff to also file frivolous matters in this court.

> new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a) (Emphasis added). A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## **ANALYSIS**

There are numerous deficiencies with the plaintiff's filings, which necessitate the dismissal of this civil action. Most significant is the fact that, although the plaintiff has invoked the Federal Tort Claims Act ("FTCA") as his basis for subject matter jurisdiction, there are no factual allegations concerning the conduct of any federal employee that would support a plausible claim under the FTCA. Rather, the plaintiff is complaining about the conduct of Indiana state officials involved in his Indiana criminal proceedings.

The FTCA waives the sovereign immunity of the United States to allow civil suits for actions arising out of the negligent acts of employees or agents of the United States. *Dalehite v. United States*, 346 U.S. 15, 30-31 (1953). Section 1346(b)(1) of Title 28 provides that the United States District Courts shall have original and exclusive jurisdiction over

> claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligence or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under the circumstances

      where the United States, if a private person, would be liable to the claimant
      in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, 28 U.S.C. § 2671 defines "employee of the government" as "officers or employees of any federal agency" or "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation . . ." 28 U.S.C. § 2671.

    The plaintiff has named the "United States Marshals Service" and the "Jay County Sheriff's Department" as defendants herein. However, his Complaint concerns the conduct of state officials in his state criminal proceedings and alleges no conduct by any employee of the federal government, and no federal employees were plausibly involved in his state criminal case. Thus, there are no plausible allegations concerning any conduct by the United States Marshals Service, and, therefore, no basis for a plausible claim under the FTCA. The Jay County Sheriff's Department and its employees are not employees or agents of the federal government and are not subject to liability under the FTCA.[2]

    Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not stated a plausible claim for relief under the FTCA and, consequently, there is no basis for subject matter jurisdiction thereunder. Nor is there any other plausible basis for federal subject matter jurisdiction in this action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's "Motion for 'Actio' Damni Injuria Procedre Torts" (ECF No. 2) and **DISMISS** this matter from the docket of this court.

---

[2] To the extent that the plaintiff may have any plausible claims against the Jay County Sheriff's Department, such claims must be brought, if at all, in either state or federal court in Indiana, as this United States District Court lacks personal jurisdiction over that defendant and is not the proper venue for such an action because the plaintiff was not convicted in, or incarcerated in, the Southern District of West Virginia.

It is further respectfully **RECOMMENDED** that the presiding District Judge notify the plaintiff that the continued filing of civil actions concerning his Indiana criminal or habeas corpus proceedings over which this court lacks jurisdiction and venue may result in the imposition of a pre-filing injunction prohibiting the plaintiff from filing any additional petitions or motions concerning such claims in this court, or other sanctions.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

July 9, 2018

_____
Dwane L. Tinsley
United States Magistrate Judge